AO 245B    Judgment in a Criminal Case - D. Massachusetts
           Statement of Reasons - Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA  
v.  
DEBRA A. D'ANDREA

STATEMENT OF REASONS

Case Number: 1: 04 CR 10262 - 002 - DPW

Raymond E. Gillespie, Esq.  
Defendant's Attorney

[x] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

[ ] See Continuation Page

**Guideline Range Determined by the Court:**

| | | | |
|---|---|---|---|
| Total Offense Level: | 13 | | |
| Criminal History Category: | I | | |
| Imprisonment Range: | 12 | to 18 | months |
| Supervised Release Range: | 2 | to 3 | years |
| Fine Range: | $ $3,000.00 | to $ $30,000.00 | |

Defendant's Soc. Sec. No.: xxx-xx-8036  
Defendant's Date of Birth: xx/xx/1962  
Defendant's USM No.:  
Defendant's Residence Address:  
Weymouth, MA

Defendant's Mailing Address:  
Weymouth, MA

09/09/05  
Date of Imposition of Judgment

/s/ Douglas P. Woodlock  
Signature of Judicial Officer

The Honorable Douglas P. Woodlock  
Judge, U.S. District Court  
Name and Title of Judicial Officer

9/12/05  
Date

AO 245B     Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 2

Statement of Reasons - Page __2__ of __3__

DEFENDANT:    DEBRA A. D'ANDREA

CASE NUMBER: **1: 04 CR 10262 - 002 - DPW**

# STATEMENT OF REASONS

[x] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:   $   $173,642.33

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B    Judgment in a Criminal Case - D. Massachusetts
           Statement of Reasons - Sheet 3

DEFENDANT: DEBRA A. D'ANDREA                                  Statement of Reasons - Page __3__ of __3__
CASE NUMBER: 1: 04 CR 10262 - 002 - DPW

## STATEMENT OF REASONS

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

### OR

☐ The sentence departs from the guideline range:

  ☐ upon motion of the government, as a result of a defendant's substantial assistance, or

  ☒ for the following specific reason(s):

  AFTER FULL CONSIDERATION OF THE GUIDELINES, THE SENTENCE IS NOT BASED ON A DEPARTURE FROM THE GUIDELINES ACCORDING TO THE CRITERIA SET FORTH IN THE GUIDELINES, BUT IS A NON-GUIDELINES SENTENCE IMPOSED IN LIGHT OF THE OVERARCHING CONCERNS OF 18 U.S.C. § 3553 AS MOST REASONABLE, IN LIGHT OF THE JOINT AND SEVERAL CHARACTER OF THIS FINANCIAL CRIME COMMITTED BY HUSBAND AND WIFE IN CONNECTION WITH THEIR FAMILY BUSINESS, ESPECIALLY IN THAT IT WILL PERMIT THE PARENTS OF YOUNG CHILDREN TO ALTERNATE PERIODS OF INCARCERATION THUS PROVIDING ONE PARENT AT HOME THROUGHOUT THE TOTAL INCARCERATIVE PERIOD.

                                                                    ☐ See Continuation Page