UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| ROBERT D'ANDREA | ) | CRIMINAL NO.  04-10262-DPW |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO FURTHER SUSPEND SURRENDER DATE**

The United States opposes the defendant Robert D'Andrea's request that the Court further continue his surrender date.  As grounds, the government states as follows:

1.      The Court imposed sentence in this case on September 9, 2005.  Defendants Robert and Debra D'Andrea each received a 6- month sentence of incarceration, with the sentences staggered for the benefit of the D'Andrea's dependent child.  Debra's surrender date was January 6, 2006, with Robert's surrender date stayed until July 21, 2006.

2.      On or about July 19, 2006, Robert moved to continue his self-surrender date by three months, to October 21, 2006, so that he and his wife could try to get various financial affairs in order. (Dkt. 37).  The government did not object to that extension (Dkt. 38), and the Court allowed the motion. (Dkt. 39).

3.      By motion dated October 16, 2006, Robert now seeks a further continuance of unspecified length.  Robert, who has filed his motion pro se, contacted the undersigned counsel to discuss his request.  He clarified that he seeks either a continuance in his surrender date of at least six additional months, or, more preferably, the substitution of home confinement for the sentence of incarceration imposed by the Court.  Robert reiterated that he and his wife face

considerable financial pressures, including the potential loss of their home; that he is presently

gainfully employed; and that he seeks either a delay in (or the rescission of) any period of

incarceration so that he can: (a) continue to work and bring money into the family; and

(b) oversee certain probate court proceedings involving his deceased mother's estate, which may

result in his receipt of a distribution from that estate.[1]

      4.    The government is not unsympathetic to Mr. D'Andrea's situation.  For this

reason, it did not object to his initial request for a 3-month continuance.  At some point,

however, Mr. D'Andrea needs to serve his sentence.  The United States accordingly opposes the

defendant's current motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    **/s/ Michael J. Pineault**
        Michael J. Pineault
        Assistant U.S. Attorney
        United States Courthouse, Suite 9200
        1 Courthouse Way
        Boston, MA  02210
Dated: October 17, 2006        (617) 748-3261

---

[1]Mr. D'Andrea's motion referenced an attached IRS letter, which was not attached.  The government told Mr. D'Andrea that it would attach a copy of the letter to its filing, which it has done at Exhibit A.

<u>CERTIFICATE OF SERVICE</u>

      This is to certify that I have this 17th day of October 2006 caused a copy of the foregoing document to be served by first class mail on Robert D'Andrea, pro se, at 191 Circuit Avenue, Weymouth, MA 02188.

**/s/ Michael J. Pineault**

Michael J. Pineault
Assistant U.S. Attorney
